Wilde, J.
This is a writ of entry in which the demandant claims title to the demanded premises, by virtue of an entry made thereon, for an alleged breach of a condition in a deed from the demandant to David G. Kendall and others, under whom the tenants claim; by which the estate of the grantees was forfeited. The defence is, that there has been no breach of the condition; and the tenants have also filed a motion to have the proceedings stayed, on reimbursing the demandant all payments made by him, which, according to the condition in the deed, should have been made by the grantees, Kendall and others, with interest and costs of suit.
By the facts reported, we are of opinion, that the condition in the deed had been broken, and that by the demandant’s entry on the premises the title became revested in him. By the condition in the deed, the grantees were bound to indernnify the demandant from the payment of the principal and interest of a certain mortgage; and it was proved and not denied, that on demand of the assignee of the mortgage, the demandant paid him the sum of $ 180 for interest due on the mortgage, and thereupon entered on the premises for condition broken. It was argued, that the condition was not broken, because one Woodman, in whom the title of the grantees Kendall and others was vested, tendered to the demandant the sum of two hundred dollars in payment of the interest paid by the demandant, and offered to indemnify the demandant for any trouble and expense to which he might have been subjected. •
Whether, if this tender and offer had been made previous *41 to the demandant’s entry for condition broken, it would be a legal defence, is a question which it is not necessary to consider ; for by the report of the evidence it appears, that the tender was'not made until after the entry. When the demandant entered, he had been damnified, and not indemnified ; nor had any offer to indemnify him been made. His entry therefore was lawful and revested the estate in him, which could not by any principle of law be divested by the subsequent tender. The demandant was not bound to give notice to the assignee of Kendall and others, or to demand repayment of the interest. Duffield v. Scott, 3 T. R. 374; Cutler v. Southern, 1 Saund. 116.
But although the defence cannot be sustained, we are of opinion, that the motion for a stay of proceedings ought to be allowed. The case cannot be distinguished from the case of Atkins v. Chilson, 11 Met. 112; which was a Writ of entry to recover an estate forfeited by the non-payment of rent; and the court held, that they had authority by the common law, to stay proceedings in that case; and in all cases, the court held, where the penalty or forfeiture is designed to secure the payment of a sum of money, a court of equity will grant relief, on the payment of the money secured, with interest, as well as in cases of penalties and forfeitures for the non-payment of rent, and other similar cases. And the authorities cited in that case abundantly show, that in many cases, and for a long period of time, the courts of common law in England have exercised, such a power, by granting relief in support of equitable defences, for the easier, speedier, and better advancement of justice, without turning the party over to a court of equity. And there is clearly no distinction in principle, or in vhe authorities, between a forfeiture for the non-payment of rent, and the forfeiture in the present case for the non-payment of interest.
But it has been argued that the defendants are not entitled to equitable relief, because they wilfully neglected to pay the interest when it became due and payable. But there is no proof, that they had any knowledge of the time when the interest became due ; and they might expect that it would be *42 called for when due ; and there is strong presumptive evidence, that they did not ■ intend to forfeit the estate, for the day but one after Woodman, who was bound to pay the interest, had notice that it had been paid by the demandant, he tendered to him $6200, the supposed amount due on the mortgage; and tendered the interest also to the assignee of the mortgage. There is therefore no reason to believe, that the defendants knowingly and wilfully neglected to pay the interest.
And upon the whole evidence reported, we are of opinion, that the tenants are entitled to relief by the stay of proceedings, on reimbursing the demandant all payments of interest on the mortgage made by him to the present time, with interest and damages, if any have been sustained by him, with the costs of suit. Proceedings stayed.